946 F.2d 1563
 292 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Larry N. BODE, Appellant,
v.
FEDERAL PRISONS INDUSTRIES, INC., et al.
 No. 90-5216.
 United States Court of Appeals, District of Columbia Circuit.
 May 31, 1991.
Rehearing Denied July 18, 1991.
 
 Before HARRY T. EDWARDS, BUCKLEY and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the response to the order to show cause filed April 30, 1991, it is
 
 
 2
 ORDERED that the show cause order be discharged. It is
 
 
 3
 FURTHER ORDERED that appellant's motion for appointment of counsel be denied. It is
 
 
 4
 FURTHER ORDERED that the district court's order of dismissal filed May 31, 1990, be affirmed with respect to appellee T.E. Tracy. The absence of any contacts between appellee Tracy and this forum precludes the exercise of this court's personal jurisdiction. See Reuber v. United States, 750 F.2d 1039, 1049-50 (D.C.Cir.1984). It is
 
 
 5
 FURTHER ORDERED that the district court's order of dismissal filed May 31, 1990, be affirmed with respect to appellee Federal Prison Industries, Inc. Appellant's claim for monetary relief is barred by the doctrine of sovereign immunity. See United States v. Mitchell, 445 U.S. 535 (1980). Appellant's allegations that he was discharged from employment with appellee Federal Prison Industries, Inc., fail to state a claim upon which relief may be granted. See James v. Quinlan, 866 F.2d 627, 630 (3d Cir.1989) (inmates do not possess a liberty or property interest in Federal Prison Industries job assignments arising from either the due process clause, a federal statute or prison regulations); Garza v. Miller, 688 F.2d 480 (7th Cir.1982) (inmate has no protectible liberty or due process interest in prison employment).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.